IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| JASON BOWERS, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 3:20-cv-00104-JJV |
| ANDREW SAUL, | * |
| Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Jason Bowers, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded Mr. Bowers had not been under a disability within the meaning of the Social Security Act, because significant jobs existed in the national economy that he could perform despite his impairments (Tr. 24.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite direction. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective brief and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Mr. Bowers was forty-one years old at the time of the administrative hearing. (Tr. 37.) He testified he graduated from high school and attended a semester of Vo-tech school (Tr. 38.) In the past, Mr. Bowers worked as a safety coordinator, electrical and cable lineman, and a welder. (Tr. 38–41.)

The ALJ[1] first found that Mr. Bowers has not engaged in substantial gainful activity since December 18, 2017 - the alleged onset date. (Tr. 12.) He has severe impairments in the form of "osteoarthritis of the sacroiliac joints, ankylosing spondylitis, degenerative disc disease, aortic non-ruptured aneurysm with hypertension, and obesity." (*Id*.) The ALJ further found, despite Mr. Bowers having severe impairments, he did not have an impairment or combination of impairments that meets or equals an impairment listed in 20 C.F. R. Part 404, Subpart P, Appendix 1.[2] (Tr. 14-15.)

Next, the ALJ concluded Plaintiff had the residual functional capacity to perform a reduced range of light work.  (Tr. 15.)  Her assessment included the following limitations: "[Plaintiff] can

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

occasionally climb stairs, balance, stoop, kneel, crouch, and crawl; and never climb ladders. He must avoid pulmonary irritants, extreme heat, and extreme cold." (*Id.*)

Based on her residual functional capacity assessment, the ALJ found that Plaintiff could no longer perform his past relevant work as an Electrical Lineman and Tungsten Inert Gas Welder. (Tr. 21.) Thus, the ALJ utilized the services of a vocational expert to determine if other jobs existed that Plaintiff could perform despite his impairments. (Tr. 51–54.) Based in part on the testimony of the vocational expert, the ALJ determined he could perform the jobs of clerical router and price tagger given Mr. Bowers' age, education, and past work experience in engaging in light work. (Tr. 22, 51–52.) If limited to sedentary work, then Mr. Bowers could perform work as a surveillance system monitor and callout operator. (Tr. 22, 52.) Accordingly, the ALJ concluded that Plaintiff was not disabled. (Tr. 23.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision. (Tr. 1–4.) Therefore, the ALJ's decision is the final decision of the Commissioner. Mr. Bowers filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his complaint, Mr. Bowers argues that the ALJ's residual functional capacity assessment is not supported by substantial evidence. (Doc. No. 20 at 16–19.) Mr. Bowers has a long list of impairments and there is no doubt that he suffers from some degree of pain and limitation. But I find the ALJ adequately accounted for the combination of these impairments with her calculation that Plaintiff has the residual functional capacity to perform a reduced range of light work given his physical limitations.

The record supports the RFC determination because of plaintiff's ability to engage in a variety of activities. While Plaintiff does have some difficulty with his personal care needs, he is able to cut his lawn, care for his dogs, wash dishes, do laundry, drive, go shopping, go to races

with his friends and go fishing. (Tr. 16, 43–44.) Furthermore, Plaintiff received only routine treatment every six months and displayed "normal" motor and neurological functioning. (Tr. 22.) Plaintiff's treating rheumatologist, Beata Filip-Majewski, M.D., even suggested the Plaintiff engage in "mild exercise." (Tr. 18.) Dr. Filip-Majewski's suggestion is consistent with a finding that Plaintiff was capable of performing light work activities.

Plaintiff further argues that the ALJ erred by improperly discounting opinions of Dr. Filip-Majewski. She provided a treating specialist Medical Source Statement and indicated Plaintiff suffered from ankylosing spondylitis (AS), spinal limitations, chronic pain, and fatigue. (Tr. 326.) She concluded, *inter alia,* Mr. Bowers could occasionally lift twenty pounds and frequently lift ten pounds. (Tr. 326.) Dr. Filip-Majewski also reported Plaintiff required longer rest periods and longer than normal breaks and missed more than three days of work per month because of his impairment (Tr. 327.) If fully credited, Dr. Filip-Majewski's opinions would likely mean that Plaintiff is disabled. However, the ALJ found Dr. Filip-Majewski's opinion as only partially persuasive. (Tr. 21.) The ALJ noted that Dr. Filip-Majewski contradicted her own observations, was inconsistent with the observations of Plaintiff's physicians, and her opinions were not entirely supported by the objective evidence. (Tr. 20.)

Plaintiff is correct that her treating doctor should generally be given deference. However, after a close review of the records, I find that ALJ properly assessed the opinions of Dr. Filip-Majewski.

> The ALJ stated:
>
> Notably, the claimant was routinely observed to be in no acute distress with normal motor neurological functioning, as cited above. Finally, the claimant was conservatively managed with six-month checkup appointments; and, the record does not reflect any emergency treatment for ankylosing spondylitis or orthopedic/neurologic symptoms. (Tr. 22.)

> [Dr. Filip-Majewski] noted the claimant had limited mobility in the lumbar spine due to "fixation of same, yet medical imaging did not confirm this finding. (Tr. 21.)
>
> In addition, the claimant was routinely observed with normal physical findings by Dr. Fletcher. Further, the claimant also routinely denied symptoms related to other body symptoms. (Tr. 21.)

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

> Plaintiff also argues that the ALJ failed to fully develop the record. He specifically says:
>
> [T]he ALJ failed to support his findings with any medical opinion from any medical opinion from any medical source that examined Mr. Bowers even once. (Tr. 15–21.) The ALJ failed to show lumbar fixation actually found the "possibility of fusion of the SI join[t]. Additional views may be helpful." (TR 416.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed. Appx. 200, 204 (8th Cir. 2007). Here, Plaintiff has shown neither.

An ALJ has no duty to seek clarification from a treating physician unless the critical issue is undeveloped. *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005)). In this case, there is sufficient medical evidence to make a disability determination. Therefore, the ALJ is not required to order additional medical examinations to develop the record further. *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013). The ALJ is permitted to issue a decision without obtaining additional evidence

if the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

Plaintiff is reminded he has the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, Mr. Bowers bore the responsibility of presenting the strongest case possible and failed to meet the high burden. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). I find no error and conclude that Plaintiff's argument is without merit.

Plaintiff also argues that the ALJ relied on deficient vocational testimony and evidence at Step 5. After carefully reviewing Plaintiff's argument on this point, I find no error regarding the ALJ's hypothetical questions posted to the vocational expert.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether is a substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). Mr. Bowers' counsel has done an extraordinary job advocating for him. But I find no basis to overturn the decision of the ALJ in this case.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that a "reasonable mind might accept as an adequate record to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 31st Day of March 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE